1  UNITED STATES DISTRICT COURT
2  NORTHERN DISTRICT OF CALIFORNIA
3  SAN JOSE DIVISION

| | |
|---|---|
| FREDDY J. ROBLEDO, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> RANDSTAD US, L.P., et al., <br><br> Defendants. | Case No. 17-cv-01003-BLF <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING DECISION IN *ERNST & YOUNG LLP V. MORRIS*; TERMINATING PENDING MOTIONS WITHOUT PREJUDICE; VACATING HEARINGS** <br><br> [Re: ECF 19] |

Defendant Randstad US, L.P. ("Randstad") faces a putative class action brought by its current and former employees alleging that Randstad violated the California Labor Code and California's unfair competition laws. *See* Notice of Removal, ECF 1 Exh. B ("FAC"). Randstad now moves the Court to compel arbitration of plaintiffs' claims, or in the alternative, to stay all proceedings pending the Supreme Court's decision in *Morris v. Ernst & Young LLP*, 834 F.3d 975 (9th Cir. 2016), *certiorari granted*, *Ernst & Young, LLP v. Morris*, 137 S.Ct. 809 (2017). Randstad argues that the named plaintiffs signed agreements to arbitrate all of their employment-related disputes with Randstad, and that these valid arbitration agreements contained enforceable class action waivers. *See* ECF 19 ("Mot."). Accordingly, Randstad urges the Court to compel the employees to arbitrate their claims on an individual basis.

Although the Ninth Circuit recently held in *Morris* that mandatory class action waivers violate the National Labor Relations Act ("NLRA"), the Supreme Court granted certiorari and is currently reviewing that decision. Oral argument in *Morris* took place on October 2, 2017.[1] The

---

[1] Judicial notice of the docket in *Ernst & Young LLP v. Morris* is appropriate under Federal Rule of Evidence 201. Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

ultimate outcome of *Morris* will determine whether the NLRA can prohibit an employment agreement from being enforced under the Federal Arbitration Act ("FAA") if the agreement requires employees to arbitrate their claims on an individual rather than a collective basis. As further explained below, the Supreme Court's answer to the question posed in *Morris* will directly impact this Court's determination of Randstad's motion to compel arbitration.

Plaintiffs Jose Martinez Lopez, Elisabeth Lopez, and Fernando Lara ("Plaintiffs") oppose Randstad's motion to compel arbitration, and further argue that a stay of proceedings is not warranted.[2] *See* ECF 22 ("Opp'n"). Pursuant to Civ. L.R. 7-1(b), the Court finds Randstad's motion to stay suitable for submission without oral argument. As set forth below, the Court finds that Randstad's requested stay pending a ruling in *Morris* is justified and hereby GRANTS the motion to stay all proceedings in this case. Randstad's motion to compel arbitration, as well as its pending motion to strike, are therefore TERMINATED WITHOUT PREJUDICE to being re-noticed upon the lifting of the stay. The hearings on these motions scheduled for November 9, 2017, and February 22, 2018, are hereby VACATED.

## I.  LEGAL STANDARD

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. No. American Co.*, 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 863-864 (9th Cir. 1979)).

---

[2] Freddy J. Robledo was originally a named plaintiff in this lawsuit, but he was dismissed without prejudice by Magistrate Judge Howard R. Lloyd on March 2, 2017. *See* ECF 9. Although there remains some dispute as to whether that dismissal should have been with prejudice (ECF 23), for purposes of this motion it matters only that Robledo is no longer a party to this lawsuit despite his inclusion in the case caption.

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. These factors are drawn from the Supreme Court's decision in *Landis*. If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Overall, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

## II. DISCUSSION

Randstad's motion to compel arbitration requires this Court to determine whether the National Labor Relations Act ("NLRA") invalidates class action waivers. *See* Mot. at 10. A divided Ninth Circuit panel has already answered that question with a resounding "yes." *See Morris v. Ernst & Young*, 834 F.3d 975 (9th Cir. 2016), *certiorari granted* 137 S.Ct. 809 (2017). On January 13, 2017, the Supreme Court granted certiorari in *Morris* to resolve the circuit split that had developed, and heard oral argument on October 2, 2017.[3] *See Ernst & Young LLP v. Morris*, Supreme Court of the United States Case No. 16-300 (filed September 8, 2016). The Supreme Court could either affirm the Ninth Circuit's conclusion that class action waivers violate the NLRA, or it could reverse and hold—in line with the reasoning from the majority of circuits to have considered the issue—that mandatory class action waivers are enforceable and do not violate the NLRA.

The Parties argue the merits of *Morris* throughout their briefing. Plaintiffs urge the Court

---

[3] Randstad filed its motion to compel arbitration, or in the alternative to stay proceedings, on June 21, 2017. *See* ECF 19. At that point, *certiorari* had been granted but *Morris* had not even been set for argument. The Court takes judicial notice of the progression of the case and ultimately determines the propriety of a stay based on the current state of the proceedings in *Morris*, which has now been fully briefed and argued.

3

to apply the Ninth Circuit's holding in *Morris* that class action waivers as a condition of employment are illegal and unenforceable, rather than wait for the Supreme Court's approval or reversal. Opp'n at 2. Randstad argues that *Morris* was wrongly decided, and the Court should either adopt the reasoning in Judge Ikuta's dissenting opinion, or stay all proceedings until the Supreme Court has ruled. *See* Mot. at 1-2. Considering the Parties' briefing and the relevant proceedings in *Morris*, it is clear that the present case turns on whether an employment agreement requiring an employee and an employer to resolve employment-related disputes through individual arbitration is enforceable under the FAA. The Supreme Court will speak on that exact issue in the near future.

With this context in mind, the Court considers the *Landis* factors to determine whether a brief stay of this case pending the Supreme Court's resolution of *Morris* is warranted.

### A. Possible Prejudice to Plaintiffs from Granting Stay

Turning to the first *Landis* factor, the Court finds that the possible prejudice or harm to Plaintiffs from granting a stay under these circumstances is slight. Randstad argues that a stay will not harm Plaintiffs, and will actually benefit them by saving them resources and effort. *See* Mot. at 12-13. In opposition, Plaintiffs argue that a stay will cause them irreparable injury because they have a "great interest in deterring Randstad's unlawful behavior." Opp'n at 7. They further reiterate that they seek "immediate redress" and "immediate compensation." *Id*. Yet the Ninth Circuit has made clear that monetary recovery cannot serve as the foundation for the denial of a stay. *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir. 2005). Plaintiffs do not explain how a stay that will likely last no more than a few months while the Supreme Court writes its opinion will delay any non-monetary redress, or even compensation, sought by the putative class.

In fact, the schedule in this case supports the granting of a stay and makes clear that there is little risk of prejudice to Plaintiffs from a brief stay. As of the date of this Order, the Supreme Court has already heard oral argument in *Morris* and has taken the matter under submission. In the instant case, the deadline to hear Plaintiffs' motion for class certification is not until August 9, 2018. *See* ECF 26. There is further time to accommodate the stay because the dispositive motion hearing and trial schedule in this case are set in 2020, over two years from now. The Court

therefore does not credit Plaintiffs' argument that a stay of proceedings pending a decision in *Morris* would prevent the putative class from obtaining "immediate redress" from Randstad's alleged wage and hour violations.

However, the Court does credit Plaintiffs' argument that granting a stay in certain circumstances risks a loss of evidence. As this case involves employment in a temporary service industry, with the majority of the putative class comprised of short-term rather than long-term employees, Plaintiffs identify a risk that staying the proceedings for an extended period of time could pose difficulties for Plaintiffs because "witnesses will be lost and memories will fade." *See* Opp'n at 8. Other than generalizations about the volatile nature of the workforce in the temporary service industry, Plaintiffs do not explain concretely how a stay will make discovery more difficult. This potential harm is also directly mitigated by the short duration of the requested stay. The Supreme Court's decision in *Morris* is not a speculative future event involving multiple contingencies before it comes to fruition. Certiorari was granted and the case has already been fully briefed and argued. The only event that the Parties and the Court are waiting for is the decision itself.

In *McElrath v. Uber Techs., Inc.*, No. 16-CV-07241-JSC, 2017 WL 1175591, at *5 (N.D. Cal. Mar. 30, 2017), another court in this district granted a stay of proceedings in an employment action against Uber pending the outcome of *Morris*. The plaintiffs in *McElrath* presented many of the same arguments asserted by Plaintiffs here, but the court reasoned that "the stay is of short, not indefinite, duration, and this case turns in large part on the meaning of written agreements rather than the unrecorded memories of witnesses." 2017 WL 1175591, at *5. *Morris* is even closer to its ultimate resolution than it was when Judge Corley granted the stay in *McElrath* shortly after certiorari was granted. For these reasons, this Court finds that a brief stay at this point pending the *Morris* decision would not prejudice Plaintiffs.

### B. Possible Hardship or Inequity from Denying Stay

In contrast, Randstad has identified concrete harm to both sides, as well as the Court, if the stay is denied and the action proceeds. *See* Mot. at 12-13. Randstad argues that failure to enter a stay risks burdening the Parties and the Court with motion practice and discovery that may prove

unnecessary as a result of the Supreme Court's decision. *Id*. at 12. Indeed, if the Court considers the motion to compel arbitration now without entering a stay, there is a serious risk that the Court will have to "consider this issue twice," once *Morris* is handed down. *Id*. at 13. Denying the stay at this juncture risks forcing the parties to expend resources that could have been avoided. Specifically, without a stay, Randstad would be required to defend a large class action and undergo discovery which could be rendered moot if the Supreme Court reverses the Ninth Circuit.

Plaintiffs respond that Randstad has no "reasonable justification" for a stay, and that avoiding a potential waste of time and money is "simply not adequate" to support the grant of a stay. Opp'n at 7. In support, Plaintiffs cite to a case that denied a stay pending interlocutory appeal of a denial of a motion to compel arbitration. *See Bradberry v. T-Mobile USA, Inc.*, No. C 06 6567 CW, 2007 WL 2221076, at *1 (N.D. Cal. Aug. 2, 2007). As this Court has recently clarified, whether to grant a stay pending an appeal *in the same action* is analyzed under a different legal standard than whether to grant a stay pending the resolution of a separate action that bears upon the case. *See Lal v. Capital One Fin. Corp.*, No. 16-CV-06674-BLF, 2017 WL 282895, at *2 (N.D. Cal. Jan. 23, 2017) (distinguishing the *Landis* factors from the standard set forth in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), which "applies where a party seeks to stay enforcement of a judgment or order pending an appeal of that same judgment or order in the same case."). Plaintiffs' only argument against the possible hardship or inequity from denying a stay is therefore not persuasive.

In these circumstances, there is a concrete risk of harm to Randstad if the Court denies the staying pending the *Morris* decision, which will likely come down within the next few months. *Accord McElrath*, 2017 WL 1175591, at *6 ("While any estimate regarding when the Supreme Court will issue its *Morris* opinion is necessarily somewhat speculative, two factors are concrete: this case is in its early stages, and the outcome of *Morris* will have a significant impact on this case.") Thus, the second *Landis* factor also weighs in favor of granting a stay.

### C. Orderly Course of Justice

The third and final *Landis* factor considers whether granting a stay will simplify or complicate the issues before the Court. This factor clearly weighs in favor of granting a stay

because the decision in *Morris* could be dispositive of whether Plaintiffs' claims should be litigated or arbitrated. As explained above, the resolution of Randstad's motion rests on the Supreme Court's ultimate determination of whether mandatory class action waivers violate the NLRA. It is not an oversimplification to state that if the Supreme Court upholds the Ninth Circuit's decision in *Morris*, the Plaintiffs have the stronger case against compelling arbitration. However, if the Supreme Court reverses the Ninth Circuit and sides with the majority of circuit courts who have upheld class action waivers in arbitration agreements, Randstad has a strong likelihood of prevailing on its motion to compel arbitration.

Although Plaintiffs spend the majority of their opposition urging the Court to apply the Ninth Circuit's decision in *Morris* to their claims, they simultaneously argue that this case will be "unaffected" by the potential reversal of *Morris* because this Court could independently conclude that the arbitration agreement at issue is void. *See* Opp'n at 7 n.2. Without addressing the merits of Plaintiffs' argument that Randstad's arbitration agreements are unenforceable pursuant to their own terms, this argument does not change the fact that the outcome of *Morris* will have a significant bearing on Randstad's motion to compel arbitration. Plaintiffs do not, nor could they, dispute that the resolution of *Morris* will impact the decision before the Court and could even be dispositive.

In light of these considerations, the Court is satisfied that granting a stay would conserve judicial resources that would otherwise be unnecessarily expended "challenging pleadings, resolving discovery disputes, and litigating class certification issues." *See* Reply at 8 (quoting *McElrath*, 2017 WL 24877, at *6). Ultimately, it would prove to be "an extraordinary waste of time and money" to continue litigating this case "only to have to do it all again because the experts, the parties and the Court were proceeding under a legal framework that the [Supreme Court] determined did not apply." *Meijer, Inc. v. Abbott Labs.*, No. C 07-5470 CW, 2009 WL 723882, at *4 (N.D. Cal. Mar. 18, 2009).

Lastly, the Court addresses Plaintiffs' argument that this Court has previously refused to grant stays pending the outcome of a Supreme Court decision. *See* Opp'n at 8. The two cases cited by Plaintiffs involved vastly different circumstances than those present here. In *Rodriguez v.*

7

*Nike Retail Services, Inc.*, Case No. 5:14-cv-1508, this Court denied the plaintiff's request for a stay pending the California Supreme Court's decision in *Troester v. Starbucks Corp.*, S234969 on the applicability of the *de minimis* doctrine to state law claims. At the time the Court denied the stay, oral argument had not yet been scheduled in *Troester* and the Court estimated a final decision on the merits was years away. Meanwhile, the *Nike* case had already been pending for over three years and was moving closer to summary judgment and trial.

Plaintiffs further cite to this Court's initial determination in *Echevarria v. Aerotek, Inc.*, Case No. 5:16-cv-04041, denying Aerotek's motion to stay pending the Supreme Court's decision in *Morris*. At the time this Court considered Aerotek's motion, the Supreme Court had not yet granted the petition for certiorari in *Morris*. The possibility that the Supreme Court would grant cert and ultimately resolve the case on the merits was entirely speculative at that time, and the hypothetical resolution was at least one year away. *Echevarria v. Aerotek, Inc.*, No. 16-CV-04041-BLF, 2017 WL 24877, at *3 (N.D. Cal. Jan. 3, 2017) (reasoning that "even if the [cert] petition were granted, this Court would not be inclined to stay litigation of this case for the length of time necessary to permit the Supreme Court to issue a decision on the merits.") Aerotek appealed this Court's denial of its motion to compel arbitration, and the Ninth Circuit stayed the action pending the Supreme Court's resolution of *Morris*. This Court then granted Aerotek's motion to stay all proceedings in the district court pending appeal, reasoning that whether the plaintiff "may proceed with his class claims in this action turns squarely on the outcome of the Supreme Court's review of *Morris*." *See Echevarria*, Case No. 5:16-cv-04041, ECF 70. This case would likely meet the same fate and be stayed in the Ninth Circuit, as well as in this Court pending appeal, if this Court proceeded to deny Randstad's motion to compel arbitration.

The denial of stays in *Nike* and *Echevarria* therefore have no bearing on the circumstances presented here, and do not persuade the Court to deny Randstad's request for a brief stay. For these reasons, the third *Landis* factor weighs in favor of granting a stay pending a decision in *Morris* because it will simplify the proceedings and avoid re-litigating Randstad's motion to compel arbitration in the event that the Ninth Circuit is reversed. Ultimately, a stay of a short duration lessens the hardship and costs for both sides and serves the interests of judicial economy.

Because all three of the *Landis* factors weigh in favor of granting a stay, the Court concludes that a stay of proceedings pending the Supreme Court's resolution of *Morris* is warranted.

**III. ORDER**

For the foregoing reasons, Randstad's motion to stay all proceedings in this case until the Supreme Court issues its decision in *Morris* is GRANTED. The stay will be automatically lifted as of the date the Supreme Court resolves *Morris.*

Randstad's pending motion to compel arbitration and motion to strike are hereby TERMINATED WITHOUT PREJUDICE to Randstad re-noticing these motions after the stay is lifted.[4] The hearings scheduled for November 9, 2017, and February 22, 2018 are VACATED.

Dated: November 1, 2017

BETH LABSON FREEMAN
United States District Judge

---

[4] In the event that *Morris* comes down and Randstad chooses to re-notice its motion to compel arbitration, the Court welcomes additional briefing from both parties that incorporates the Supreme Court's decision.

9