United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE MARTINEZ LOPEZ, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>RANDSTAD US, L.P., et al.,<br><br>Defendants. | Case No. 17-cv-01003-BLF<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION; TERMINATING AS MOOT MOTION TO STRIKE; DISMISSING CASE WITHOUT PREJUDICE**<br><br>[Re: ECF 37, 38] |

Plaintiffs Jose Martinez Lopez, Fernando Lara, and Elisabeth Lopez (collectively, "Plaintiffs") bring claims on behalf of themselves and a putative class of others similarly situated against their employer, Defendant Randstad US, L.P. ("Defendant") for violations of various California wage-and-hour laws. Before the Court is Defendant's renoticed motions to compel arbitration and to strike Plaintiffs' amendment to the complaint. *See* ECF 37, 38. The Court heard oral argument on the motions on October 25, 2018. For the reasons stated herein, Defendant's Motion to Compel Arbitration is GRANTED. Defendant's Motion to Strike is TERMINATED AS MOOT. The action is DISMISSED without prejudice.

## I. BACKGROUND

The relevant background in this case begins in state court with Mr. Freddy J. Robledo, the former lead plaintiff in this action, and a former employee of Defendant. Mr. Robledo filed an action against Defendant in the Superior Court of California, County of Monterey for wage-and-hour violations under California's Private Attorney General Act ("PAGA") on January 7, 2015. *See* Pl. Req. for Judicial Notice ("RJN"), Ex. B at 2–3 ("St. App. Order"), ECF 22-1.[1] Defendant

---

[1] A court may take judicial notice of documents filed in judicial or administrative proceedings, *see United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992), and documents that are in the public record. *See Mack v. S. Bay Beer Distribs.*, 798

moved to compel arbitration of Mr. Robledo's claims based on an arbitration agreement between Mr. Robledo and Defendant. The state court denied the motion because the arbitration provision included a class action waiver, and the California Supreme Court has held that arbitration agreements compelling the waiver of representative claims under PAGA cannot be waived. Pl's RJN, Ex. A ("St. Tr. Order"), ECF 22-1 (citing *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348 (2014)); *see also* St. App. Order at 3–4. The appellate court affirmed, holding that the arbitration agreement was unenforceable as against public policy. *See* St. App. Order at 5.

Like Mr. Robledo, Plaintiffs are former employees of Defendant. *See* First Am. Class Action Compl. ¶¶ 19–21 ("FAC"), ECF 1. Each Plaintiff executed an arbitration agreement with Defendant containing the same language, in relevant part, as Mr. Robledo's agreement. *See* Leal Decl. ISO Mot. to Compel, Exs. A, B (Lopez and Lopez), ECF 19-3; Tell Decl. ISO Mot. to Compel, Exs. B–C (Lara agreement in Spanish with English certified translation), ECF 19-5. *Compare* Hong Decl. ISO Mot. to Compel, Ex. A (Robledo), ECF 19-2.

The agreements cover legal claims that "relate to [the signatory's] recruitment, hire, employment . . . including, but not limited to, those concerning wages or compensation." *See, e.g.*, Leal Decl., Ex. A. Moreover, as was at issue in Mr. Robledo's state court action, the agreements contain a class action waiver, which states that the signatory "may not bring a [claim or covered claim] on behalf of other individuals, and any arbitrator hearing [his or her] claim may not combine more than one individual's claim or claims into a single case, or arbitrate any form of a class, collective, or representative proceeding." *Id.* Finally, and most importantly to the present motion and Plaintiff's opposition thereto, the agreements include the following "poison pill" language: "I agree that this entire agreement is void if it is determined that I cannot waive the right to participate in or receive money from any class, collective, or representative proceeding."

On February 29, 2016, Mr. Robledo filed the present action in state court. *See* Class Action Compl., ECF 1. On January 24, 2017, he amended his complaint to add Plaintiffs as named plaintiffs. *See* FAC. The FAC alleges five California state-law causes of action: (1) failure

---

F.2d 1279, 1282 (9th Cir. 1986). As such Plaintiffs' Request for Judicial Notice is GRANTED as to the state court orders. All other requests for Judicial Notice are DENIED. *See* ECF 19-1, 24-1.

2

to pay reporting-time pay; (2) failure and refusal to pay agreed wages; (3) failure to pay wages timely; (4) failure to pay all wages upon termination; and (5) unfair business practices. FAC at ¶¶ 40–76. On February 27, 2017, Defendant removed the case to this Court. ECF 1. On March 2, 2017, at Plaintiffs' request, Magistrate Judge Howard R. Lloyd dismissed Mr. Robledo from the case. ECF 9. On June 21, 2017, Defendant filed the instant motion to compel arbitration, and on September 26, 2017, it filed the instant motion to strike. *See* ECF 19, 31. Because the motion to compel contains arguments related to the then-undecided Supreme Court case in *Epic Systems Corp. v. Lewis*, Nos. 16-285, 16-300, 16-307 (2017), this Court stayed the proceedings pending the Supreme Court's decision in that case. *See* ECF 34. On May 21, 2018, the United States Supreme Court issued its decision, and Defendant renoticed its motions for hearing on October 25, 2018.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") applies to arbitration agreements affecting interstate commerce. 9 U.S.C. §§ 1 *et seq.* When it applies, the FAA preempts state laws that conflict with its provisions or obstruct its objective to enforce valid arbitration agreements. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 341–43 (2011).

The FAA reflects a strong policy in favor of arbitration. *Id.* at 339; *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street*, 35 Cal. 3d 312, 322 (1983). Under the FAA, contractual arbitration agreements must be enforced "save upon such grounds as exist at law or in equity for the revocation of any contract." *Newton v. Am. Debt Servs., Inc.*, 549 Fed. Appx. 692, 693 (9th Cir. 2013) (quoting 9 U.S.C. § 2). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *Concepcion*, 563 U.S. at 339 (internal citations omitted); *Weeks v. Crow*, 113 Cal. App. 3d 350, 353 (1980) ("The court should attempt to give effect to the parties' intentions, in light of the usual and ordinary meaning of the contractual language and the circumstances under which the agreement was made." (citation omitted)). "[W]here a contract contains an arbitration clause," moreover, "courts apply a presumption in favor of arbitrability . . . and the party resisting arbitration bears the burden of establishing that the arbitration agreement is inapplicable." *Wynn*

*Resorts v. Atl.-Pac. Capital, Inc.*, 497 Fed. App'x. 740, 742 (9th Cir. 2012).

A district court faced with a petition to enforce an arbitration clause engages in a limited two-part inquiry: first, it determines whether the arbitration agreement is valid, and second, it determines whether the agreement encompasses the claims at issue. *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). A district court does not consider challenges to the contract as a whole, but rather only specific challenges to the validity of the arbitration clause itself. *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010) (noting the "two types of validity challenges" but holding that only challenges to the validity of the agreement to arbitrate are "relevant to a court's determination whether the arbitration agreement at issue is enforceable").

## III. DISCUSSION

Plaintiffs' opposition challenges the validity of the arbitration agreement and its application to the claims at issue here on only two fronts. First, Plaintiffs spend the bulk of their brief arguing that the class action waiver provision in the agreement is invalid under the Ninth Circuit's decision in *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016). *See* Opp. at 4–7, ECF 22. At oral argument, Plaintiffs conceded that the Supreme Court's decision in *Epic Systems*, which overturned the Ninth Circuit *Morris* decision, forecloses this argument. *See also Epic Sys. Corp. v. Lewis*, 136 S. Ct. 1612, 1632 (2018) (upholding validity of class action waivers in arbitration agreements).

Second, Plaintiffs argue that the arbitration agreements are unenforceable on their "own terms." Opp. at 3. According to Plaintiff, the state court decision holding Mr. Robledo's arbitration agreement unenforceable triggered the "poison pill" provision of Plaintiffs' agreements. Because the state court held that the arbitration agreement was unenforceable as to Mr. Robledo's representative claims under PAGA, this decision satisfies the provision in Plaintiffs' identical agreement that states that each agreement "is void if it is determined that [the signatory] cannot waive the right to participate in or receive money from any class, collective, or representative proceeding." *See id.*

This argument is without merit. The state court found Mr. Robledo's agreement unenforceable as to his PAGA claims. Mr. Robledo is no longer a party to this case, and Plaintiffs

4

do not bring any PAGA claims. That Mr. Robledo's agreement is invalid as to his PAGA claims does not dictate that Plaintiffs' independently executed agreements are void here as to non-PAGA claims. Though Plaintiffs' agreements have the same class action waiver language that caused the state court to invalidate Mr. Robledo's agreement, this does not mean that the state court made any determination as to *these* Plaintiffs and *these* agreements. Indeed, had these Plaintiffs brought a PAGA claim in this Court, this Court would have had to independently determine the validity of the agreements because these Plaintiffs were not parties in the state court action. *See* 46 Am. Jur. 2d Judgments § 443 (collateral estoppel and res judicata govern only "the same parties or their privies"). The state court decision interpreting the language would not somehow bind this Court in interpreting the same language in an independent (albeit identical) provision. But Plaintiffs did not even bring a PAGA claim here. Plaintiffs would have this Court speculate about the types of claims that might have triggered the poison pill language in the agreements, but that would be little more than an improper parlor game, which the Court declines to engage in where, as here, all of the asserted claims are clearly covered by the arbitration agreement and not themselves void.

Thus, the Court finds that the state court's decision that Mr. Robledo's agreement did not bind him to arbitration of his PAGA claims does not somehow void Plaintiffs' agreements here, where no PAGA claim has been asserted. Because Plaintiffs do not challenge the validity and enforceability of these agreements on any other grounds, the Court GRANTS Defendant's motion to compel arbitration.

## IV. ORDER

For the foregoing reasons, Defendant's Motion to Compel Arbitration is GRANTED. Defendant's Motion to Strike is TERMINATED AS MOOT. There being no remaining claims outside of arbitration, the entire action is DISMISSED WITHOUT PREJUDICE to filing a later action to confirm or vacate the arbitration award.

**IT IS SO ORDERED.**

Dated: November 20, 2018

BETH LABSON FREEMAN
United States District Judge